The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Richard B. Ford and the briefs and arguments on appeal. Based upon their assignments of error, defendants have not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award. However, plaintiff has shown good ground, based upon his assignments of error, to reconsider the evidence. Upon reconsideration of the evidence of record, the Full Commission modifies and affirms the prior Opinion and Award and enters the following Opinion and Award, which awards plaintiff continuing temporary total disability.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing on 18 February 1998 as:
 STIPULATIONS
1. On the dates involved, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
2. On said date, an employer-employee relationship existed between the parties.
3. As of said date, Aetna Insurance Company provided the coverage to the employer as provided under said Act.
4. Plaintiff sustained an injury by accident arising out of and in the course of the employment with defendant-employer on 3 July 1993.
5. An alleged injury giving rise to plaintiff's claim occurred on 10 November 1995.
6. On said dates plaintiff was earning an average weekly wage of $391.90.
7. That the issues to be determined in this case are:
 a. Did plaintiff sustain an injury by accident arising out of and in the course of his employment with the defendant-employer on 10 November 1995; and,
 b. If so, are the injuries of which plaintiff complains caused by the said accident; and,
 c. If so, to what compensation, if any, is plaintiff entitled under the Act.
8. The parties stipulate that the following documents are authentic and genuine and may be received into the record without further identification or verification:
 a. Copies of medical records and reports of plaintiff's various health care providers produced to the parties;
 b. Copies of the discovery, and responses thereto;
 c. Copies of documents filed with the Industrial Commission pertaining to this matter;
d. Plaintiff's employment file;
e. Recorded statement of plaintiff;
f. Recorded statement of Grady Chambers;
g. Medical records of Dr. Briggs; and,
h. Other reports and a video.
9. At the hearing on 18 February 1997, the parties introduced into the record the following exhibits and documentation which have been considered by the Full Commission in ruling in this matter and with respect to which all Motions and Objections have been duly considered under the applicable law and rules of evidence:
 a. The deposition of Dr. Michael D. Gwinn dated 3 October 1996, to which plaintiff objects.
 b. The deposition of Dr. Stephen Grubb dated 1 October 1996.
 c. Plaintiff's Exhibit 1, marked P1, consisting of report of Stephen D. Carpenter dated 23 October 1996, to which defendants object.
 d. Defendants' Exhibit 1, marked D1, consisting of Plaintiff's Answers to First Set of Defendants' Interrogatories.
 e. Defendants' Exhibit 2, marked D2, consisting of New Employee Safety Procedures.
 f. Defendants' Exhibit 3 and 3a, marked D3 and D3a, consisting of a transcript of interview and a microcassette tape of plaintiff from January 1996.
 g. Defendants' Exhibit 4, marked D4, consisting of medical records of Dr. John L. Briggs.
 h. Defendants' Exhibit 5, marked D5, consisting of a video tape to which plaintiff objects.
 i. Defendants' Exhibit 6, marked D6, consisting of a video tape to which plaintiff objects.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. On 10 November 1995, plaintiff was forty-four years of age with a sixth grade education, but was unable to read. As of that date, plaintiff had been working for defendant-employer since 2 February 1991 as a laborer.
2. Prior to the incident on 10 November 1995, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer on 3 July 1993. This injury by accident exacerbated plaintiff's pre-existing degenerative disk disease.
3. Subsequent to 3 July 1993, plaintiff was placed on light duty work with and was restricted from lifting in excess of twenty-five pounds and from repetitive bending or twisting motions.
4. Except for one week beginning on 23 January 1995, from 3 July 1993 to 10 November 1995 plaintiff was able work in a suitable position for defendant employer. In this position plaintiff performed ceramic tile work and the construction of small tables.
5. On 10 November 1995, as plaintiff was leaving a trailer where he had been looking for ceramic tile, he caught his right foot in an air hose which was lying on the floor in front of the doorway. Plaintiff tripped and fell out the doorway of the trailer and down the steps, landing on his hands and knees. Following this incident, plaintiff experienced the onset of increased pain in his lower back.
6. On the same date, plaintiff reported the incident and his increased back pain to his supervisor and was given permission to go home and seek medical care and treatment.
7. Upon his examination of plaintiff following the 10 November 1995 incident, Dr. Steven Grubb found that plaintiff's multilevel degenerative disc disease had been aggravated. This condition causes plaintiff to experience debilitating pain in his back and legs. Plaintiff was not a surgical candidate so Dr. Grubb instituted a conservative course of treatment.
8. The incident on 10 November 1995 was an interruption of plaintiff's normal work routine and, therefore, constituted an injury by accident arising out of and in the course of the employment with defendant-employer.
9. Plaintiff's injury by accident on 10 November 1995 substantially aggravated his back condition as it existed after his 3 July 1993 injury by accident and with his degenerative disk disease.
10. Based on the opinions of Dr. Grubb, plaintiff reached maximum medical improvement on 1 October 1996. As of that date, plaintiff's conservative treatment was no longer going to improve his condition which, in fact, would continue to grow worse over time. Plaintiff has sustained a forty percent (40%) permanent partial disability of the back, thirty percent (30%) as the result of his injury by accident on 3 July 1993, and ten percent (10%) as the result of his injury by accident on 10 November 1995.
12. In his Opinion and Award, the Deputy Commissioner did not make definitive findings on the issue of plaintiff's credibility. Nonetheless, based on a surveillance tape, he did make findings regarding plaintiff's activities following his 10 November 1995 injury by accident which tend to support a finding that plaintiff's testimony was not credible. After reviewing the entire evidence of record, the Full Commission finds that plaintiff's testimony was credible and that the activities portrayed in the video tape are consistent with someone attempting to perform a normal day's routine.
13. As the result of his injury by accident on 3 July 1993, plaintiff was unable to earn wages in his former position with defendant-employer or in any other employment from 23 January 1995 through 30 January 1995.
14. As the result of his injury by accident on 10 November 1995, plaintiff has been unable to earn wages in his former position with defendant-employer or in any other employment since that date.
15. Plaintiff was earning an average weekly wage of $391.90 on 3 July 1993 and on 10 November 1995, which yields a compensation rate $261.40.
16. At the hearing on 18 February 1997, plaintiff moved to strike the deposition evidence of Dr. Michael D. Gwinn, taken on 3 October 1996 for nonconsensual ex-parte communications. However, there is no evidence that the ex-parte communications between defendants and Dr. Michael D. Gwinn were nonconsensual.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff was earning an average weekly wage of $391.90 on 3 July 1993 and on 10 November 1995, which yields a compensation rate $261.40. G.S. § 97-2(5).
2. On 3 July 1993, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer which materially aggravated his degenerative disk disease. G.S. § 97-2(6).
3. As the result of his 3 July 1993 injury by accident, plaintiff is entitled to be paid by defendants temporary total disability compensation at the rate of $261.40 per week for the period of 23 January 1995 through 30 January 1995. G.S. § 97-29.
4. On 10 November 1995, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer which materially aggravated his degenerative disk disease. G.S. § 97-2(6).
5. As the result of his 10 November 1995 injury by accident, plaintiff is entitled to be paid by defendants temporary total disability compensation at the rate of $261.40 per week for the period of 10 November 1995 through the present and continuing until plaintiff returns to work or until further order of the Commission. G.S. § 97-29.
6. There being no evidence that the ex-parte communications between defendants and Dr. Michael D. Gwinn were nonconsensual, Dr. Gwinn's deposition has been properly admitted into the record.Salaam vs. Department of Transportation, 122 N.C. App. 83 (1996).
7. Plaintiff is entitled to have defendants pay for all medical expenses incurred as the result of his 3 July 1993 injury by accident and his 10 November 1995 injury by accident. G.S. § 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following
 AWARD
1. Subject to the attorney's fee approved herein, defendants shall pay plaintiff temporary total disability compensation benefits at the rate of $261.40 per week for the period of 23 January 1995 through 30 January 1995 and from 10 November 1995 through the present and continuing until plaintiff returns to work or until further order of the Commission. The amount of compensation which has accrued shall be paid to plaintiff in a lump sum.
2. Defendants shall pay all medical expenses incurred as the result of plaintiff's 3 July 1993 injury by accident and his 10 November 1995 injury by accident.
3. A reasonable attorney's fee of twenty-five percent (25%) of the compensation awarded herein is hereby approved for counsel for plaintiff. From the amount of compensation which has accrued, this fee shall be deducted from the amounts owed to plaintiff and paid directly to counsel for plaintiff with counsel for plaintiff receiving every fourth check thereafter.
4. Defendants shall pay the costs.
 S/ _______________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/ _____________________ THOMAS J. BOLCH COMMISSIONER
S/ _____________________ DIANNE C. SELLERS COMMISSIONER